IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CARL EDWARD BROWN,<br><br>                Plaintiff,<br><br>       v.<br><br>STATE OF ALASKA, DEPARTMENT OF CORRECTIONS, DEAN MARSHALL, *et al.*,<br><br>                Defendants. | Case No. 3:21-cv-000057-RRB |

## ORDER OF DISMISSAL

Carl Edward Brown, representing himself, filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983, and an Application to Waive Prepayment of the Filing fee, under 28 U.S.C. § 1915.[1] Mr. Brown claims that, in 2013, Defendants violated his right to "due process upon an illegal taking of property, i.e., funds," when he was transferred from Hudson Correctional Facility in Colorado, to Spring Creek Correctional Center in Alaska, refusing to reimburse him for shipping costs through their procedures, and that Defendants' "collective failures allowed Plaintiff's property to be taken in the absence of due process."[2] He sought compensatory damages of $7,500, and punitive damages of $225,000.[3]

---

[1] Dockets 1, 5, 7.

[2] Docket 1 at 3.

[3] *Id*. at 9.

The Court screened the Complaint, as required under 28 U.S.C. § 1915(e)(2)(B),[4] and permitted Mr. Brown to show that the 2-year statute of limitations in his case should be tolled.[5]

Mr. Brown has filed a Response to the Order to Show Cause, stating that the statute of limitations should be tolled because he was in the process of exhausting his remedies in the Alaska state courts, and the Supreme Court for the State of Alaska denied his Petition for Rehearing on May 14, 2020.[6]

## DISCUSSION

Mr. Brown may not re-litigate the claims or issues he raised or could have raised in his state court proceedings, as to the same procedures and costs for shipping his property, when he was transferred from Colorado to Alaska. Mr. Brown has attached the denial of his Petition for Rehearing to the Alaska Supreme Court in *Brown v. Department of Corrections*, Case Number S-16870, to his Response to the Order to Show Cause.[7]

---

[4] *See also* 28 U.S.C. § 1915A(a), (b); *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)) (liberal construction of pro se pleadings).

[5] Docket 8; *see Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)) (permitting pro se plaintiff to cure deficiencies in pleadings, unless futile); *Wallace v. Kato,* 549 U.S. 384, 387 (2007) ("Section 1983 . . . looks to the law of the State in which the cause of action arose . . . for the length of the statute of limitations: It is that which the State provides for personal-injury torts.") (citations omitted); Alaska Stat. § 09.10.070.

[6] Docket 9.

[7] Docket 9-1.

Case No. 3:21-cv-00057-RRB, *Brown v. Marshall, et al.*
Order of Dismissal
Page 2 of 7
Case 3:21-cv-00057-RRB   Document 10   Filed 05/05/21   Page 2 of 7

In its October 2019 decision in *Brown v. Department of Corrections*, No. S-16870, the Supreme Court for the State of Alaska stated that, "[i]n September 2013 Brown was transferred from Hudson Correctional Facility in Colorado to Alaska's Spring Creek Correctional Center [and] sought to ship three boxes of his property from Hudson to Spring Creek at DOC's expense . . . . Brown [pre]paid for three shipments at a total cost of $105.58. In October 2013 Brown requested reimbursement for his shipping costs."[8] When the DOC denied the request for reimbursement, Mr. Brown unsuccessfully challenged the denial through prison administrative channels.[9]

> In December 2014 Brown, self-represented, filed a complaint in superior court. Brown named several DOC employees as defendants. He again sought reimbursement for his shipping costs, but he also sought "compensatory and punitive damages resulting from the unlawful and unconstitutional deprivation of [his] property in the absence of due process."
>
> Brown struggled to serve process on the named employees. Eventually he amended his complaint, naming DOC as the lone defendant. The amended complaint was directed against "the above-named defendant and its officers in their personal and official capacities," but it was substantively identical to the earlier version.
>
> DOC moved to dismiss Brown's complaint. While the motion to dismiss was pending, Brown moved for summary judgment. After Brown moved for summary

---

[8] *Brown v. Department of Corrections*, No. S-16870, 2019 WL 5588810 at *1 (Alaska Oct. 30, 2019) (unpublished).

[9] *Id.*

Case No. 3:21-cv-00057-RRB, *Brown v. Marshall, et al.*
Order of Dismissal
Page 3 of 7
Case 3:21-cv-00057-RRB   Document 10   Filed 05/05/21   Page 3 of 7

> judgment, DOC reimbursed Brown's inmate account for the full amount of the shipping costs. It then opposed his motion and filed its own cross-motion for summary judgment. DOC argued that the reimbursement rendered Brown's claim moot.[10]

Mr. Brown's motion for summary judgment was denied, the DOC's cross-motion was granted, and Mr. Brown

> moved to supplement his briefing to establish that he still had live claims against the named employees. The court denied his motion, ruling that even if it construed Brown's complaint to include the named employees as defendants it would still conclude that he had "presented no factual claims, evidence, or legal theory countering [DOC's] assertions that qualified discretionary function immunity shield[ed] the employees from civil liability."[11]

Although unfortunate that the DOC reimbursed Mr. Brown for shipping costs only after he filed a motion for summary judgment in his state civil case, the legal doctrine of res judicata applies in the current case. When a final judgment has been entered, res judicata prevents a plaintiff from maintaining a new lawsuit, seeking to raise the same claims against the same defendants that were addressed in the first case.[12]

---

[10] *Id.* at *1-*2 (paragraph numbering omitted) (noting, "DOC reiterates this argument on appeal. We elect to reach the merits of this case without deciding whether DOC's unilateral action could render Brown's claim moot." *Id.* at *2, n.3).

[11] *Id.* at *2 (paragraph numbering omitted).

[12] *See Turtle Island Restoration Network v. U.S. Dept. of State*, 673 F.3d 914, 917 (9th Cir. 2012) ("Res judicata, also known as claim preclusion, applies only where there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'") (internal citation omitted).

Case No. 3:21-cv-00057-RRB, *Brown v. Marshall, et al.*
Order of Dismissal
Page 4 of 7
Case 3:21-cv-00057-RRB   Document 10   Filed 05/05/21   Page 4 of 7

Mr. Brown appealed the grant of summary judgment to the DOC,

> arguing that the named employees are the "real parties in interest," that he has "established a due process claim of constitutional magnitude," that he is entitled to punitive damages, and that his claims are not moot. The question whether Brown intelligently ceded his claims against DOC is not before us; neither is the question whether the named employees actually remained parties to the litigation because the superior court determined that Brown's claims would fail even if he had preserved them against the named employees.[13]

The Alaska Supreme Court affirmed the trial court's ruling:

> "[O]fficials being sued in their private capacity for discretionary acts performed as part of their official duties are protected by at least qualified immunity." To overcome qualified immunity, not only must a constitutional violation be found, but also the plaintiff must show that "the right allegedly violated was 'clearly established,' which occurs where the 'contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Even if Brown could establish that the named employees misread the relevant Policies and Procedures and that their interpretation impaired his constitutional rights, the record contains no evidence that they had any reason to be aware of this alleged constitutional violation. Again, bare allegations of "flagrant" conduct do not suffice to overcome the protection of qualified immunity.[14]

Mr. Brown has previously had the chance to litigate his claims, as he admits in his Response to the Court's Order to Show Cause, when he explains

---

[13] *Brown v. DOC,* 2019 WL 5588810 at *2.

[14] *Id.* at *3.

Case No. 3:21-cv-00057-RRB, *Brown v. Marshall, et al.*
Order of Dismissal
Page 5 of 7
Case 3:21-cv-00057-RRB   Document 10   Filed 05/05/21   Page 5 of 7

that he "exhausted" his remedies in the state courts.[15] Because this Court is not a court of appeals for state court decisions, the Court may not address Mr. Brown's formerly litigated case.[16] The proper court to obtain review of a final state court decision is the United States Supreme Court.[17]

Further, a litigant "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action[s] or by pleading a new legal theory."[18] Thus, permitting Mr. Brown to file an amended pleading would be futile. As explained by the Supreme Court, res judicata "is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."[19]

---

[15] Docket 9 at 2 ("The time for federal appeal was not available until Plaintiff exhausted all possible state remedies."); *cf.* 28 U.S.C. § 2254(b)(1) (requiring exhaustion of "the remedies available in the courts of the State" before bringing a petition for habeas corpus in federal court).

[16] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review . . . of those judgments"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *D.C. Ct. of Apps. v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

[17] 28 U.S.C. § 1257; *see also Noel v. Hall,* 341 F.3d 1148, 1154 (9th Cir. 2003) ("[A] federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal.").

[18] *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986).

[19] *Arizona v. California,* 530 U.S. 392, 412 (2000) (citation omitted).

Case No. 3:21-cv-00057-RRB, *Brown v. Marshall, et al.*
Order of Dismissal
Page 6 of 7
Case 3:21-cv-00057-RRB   Document 10   Filed 05/05/21   Page 6 of 7

In addition, the Ninth Circuit has held that a complaint may be dismissed when it "merely repeats pending or previously litigated claims."[20] Such is the case here.

If for any reason Mr. Brown is not barred from re-litigating the case he lost in the state courts, then the statute of limitations has run. That is, if he is *not* attempting to re-litigate or appeal his state court case, then the two-year statute of limitations ran when Mr. Brown completed exhausting his administrative remedies at the prison in 2014.

Therefore, **IT IS HEREBY ORDERED:**

1. This case is DISMISSED WITH PREJUDICE.

2. Any outstanding motions are DENIED as moot.

3. The Clerk of Court is directed to enter Judgment accordingly.

DATED this 5th day of May, 2021 at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

[20] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former § 1915(d)) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988), and citing *Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (quotation omitted)); *but see Headwaters, Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1054–55 (9th Cir. 2005) ("A court may, *sua sponte,* dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter *and parties* had been dismissed.' . . . However, '[w]here no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar *sua sponte,* thereby eroding the principle of party presentation so basic to our system of adjudication.'") (quoting *Evarts v. W. Metal Finishing Co.,* 253 F.2d 637, 639 n.1 (9th Cir.1958) (emphasis added), and *Arizona v. California*, 530 U.S. at 412–13).